Joseph W. Cotchett (SBN 36324)
Adam J. Zapala (SBN 245748)
Elizabeth T. Castillo (SBN 280502)
Tamarah P. Prevost (SBN 313422)
Reid W. Gaa (SBN 330141)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com
tprevost@cpmlegal.com
rgaa@cpmlegal.com

*Attorneys for Plaintiffs Sigurd Murphy and Keith Uehara*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGURD MURPHY and KEITH UEHARA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>CELESTRON ACQUISITION, LLC, *et al.*<br><br>Defendants. | Case No. 5:20-cv-04049-EJD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CONSOLIDATE ACTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(a) AND MOTION TO COORDINATE**<br><br>**Hearing Date: October 15, 2020**<br><br>**Hearing Time: 9:00 am**<br><br>**Judge: Hon. Edward J. Davila** |
| DANIEL HIGHTOWER, on behalf of himself and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>CELESTRON ACQUISITION, LLC, *et al.*<br><br>Defendants. | Case No. 5:20-cv-03639-EJD |
| SPECTRUM SCIENTIFICS LLC and RADIO CITY, INC., on behalf of themselves and all others similarly situated, | Case No. 5:20-cv-03642-EJD |

|  |  |
|---|---|
| Plaintiffs<br><br>v.<br><br>CELESTRON ACQUISITION, LLC, *et al.*<br><br>Defendants. |  |
| SARA DAY BREWER and THIEN NGO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>CELESTRON ACQUISITION, LLC, *et al.*<br><br>Defendants. | Case No. 5:20-cv-04823-SVK |
| NORMAN GOLDBLATT, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>DAR TSON "DAVID" SHEN, *et al.*<br><br>Defendants. | Case No. 3:20-cv-04860-LB |

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CONSOLIDATE ACTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(a) AND MOTION TO COORDINATE; Case No. 5:20-cv-04049-EJD**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 15, 2020 at 9:00 am, or as soon thereafter as this matter may be heard before the Honorable Edward J. Davila of the United States District Court, Northern District of California, Courtroom 4, 280 South 1st Street 5th Floor, San Jose, CA 95113, Plaintiffs will move and hereby do move the Court for an order, pursuant to Federal Rule of Civil Procedure ("Rule") 42(a), granting Plaintiffs' motion to consolidate the following proposed indirect purchaser actions for pre-trial proceedings: *Hightower v. Celestron Acquisition, LLC, et al.*, No. 5:20-cv-03639-EJD, *Murphy, et al. v. Celestron Acquisition, LLC, et al.*, No. 5:20-cv-04049-EJD, *Brewer et al. v. Celestron Acquisition, LLC et al.*, No. 5:20-cv-04823-SVK, and *Goldblatt v. Shen et al.*, Case No. 3:20-cv-04860-LB. Additionally, Plaintiffs seek entry of an order coordinating these indirect purchaser actions with the proposed direct purchaser plaintiff action: *Spectrum Scientifics LLC, et al. v. Celestron Acquisition, LLC, et al.*, No. 5:20-cv-03642-EJD.

The Court should consolidate the indirect purchaser actions for pretrial proceedings because each are proposed class actions on behalf of all persons who indirectly purchased telescopes from Defendants and their co-conspirators in the United States and both involve multiple common questions of law and fact. Furthermore, these matters should be coordinated with the direct purchaser action to avoid unnecessary burden, facilitate efficiency for all parties involved, and reduce the likelihood of inconsistent or conflicting outcomes.

Plaintiffs' motion is supported by: (i) this Notice of Motion and Motion, and (ii) the supporting Memorandum of Points and Authorities, (iii) the Declaration of Adam J. Zapala and related exhibit(s), (iv) any further papers filed in support of this motion; (v) the argument of Counsel for Plaintiffs, and (vi) all matters of record in this litigation. Further, counsel for plaintiffs in *Hightower v. Celestron Acquisition, LLC, et al.*, No. 5:20-cv-03639-EJD and *Spectrum Scientifics LLC, et al. v. Celestron Acquisition, LLC, et al.*, No. 5:20-cv-03642-EJD have informed counsel for the *Murphy* Plaintiffs that they do not oppose the filing of this motion.

Dated: July 21, 2020            Respectfully Submitted,

                                /s/ *Adam J. Zapala*

---

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CONSOLIDATE ACTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(a) AND MOTION TO COORDINATE; Case No. 5:20-cv-04049-EJD    1

Joseph W. Cotchett (SBN 36324)
Adam J. Zapala (SBN 245748)
Elizabeth T. Castillo (SBN 280502)
Tamarah P. Prevost (SBN 313422)
Reid W. Gaa (SBN 330141)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com
tprevost@cpmlegal.com
rgaa@cpmlegal.com

*Attorneys for Plaintiffs Sigurd Murphy and Keith Uehara*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...........................................................................................................1

II. ARGUMENT .................................................................................................................1

    A. The Proposed Indirect Purchaser Plaintiff Actions Entail Common Questions of Law and Fact and Should Therefore Be Consolidated ..........................................1

    B. The Proposed Indirect Purchaser Actions and the *Spectrum* Action Should Be Coordinated to Efficiently and Effectively Litigate These Matters ...................4

III. CONCLUSION................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Automotive Wire Harness Systems Antitrust Litigation*,
    Case No. 2:12-md-02311-SFC, ECF No. 73 (E.D. Mich.).........................................................4

*Brewer, et al v. Celestron Acquisition, LLC et al.*,
    No. 5:20-cv-04823-SVK (N.D. Cal. July 17, 2020) ....................................................... 1, 2, 3, 5

*In re Capacitors Antitrust Litigation*,
    MDL No. 2801, ECF No. 92 (N.D. Cal. Dec. 5, 2017) ................................................................4

*Cobarruviaz v. Maplebear, Inc.*,
    No. 15-CV-00697-EMC, 2016 WL 5725076 (N.D. Cal. Sept. 30, 2016) ...................................4

*DIK Drug Co. v. Altana Pharma AG*,
    No. 07-5849 (JLL), 2008 WL 2264586 (D.N.J.) ........................................................................4

*In re Domestic Drywall Antitrust Litig.*,
    Case No. 2:13-md-02437-MMB, ECF No. 11 (E.D. Pa.) ...........................................................4

*Goldblatt v. Shen et al.*,
    Case No. 3:20-cv-04860-LB (N.D. Cal. July 20, 2020) .................................................. 1, 2, 3, 5

*Hightower v. Celestron Acquisition, et al.*,
    No. 5:20-cv-03639-EJD (N.D. Cal. June 1, 2020)..............................................................*passim*

*Investors Research Co. v. U.S. District Court for Cent. Dist.*,
    877 F.2d 777 (9th Cir. 1989) .......................................................................................................2

*In re Lithium Ion Batteries Antitrust Litigation*,
    Case No. 4:13-md-02420-YGR, ECF No. 122 (N.D. Cal.) .........................................................4

*Murphy, et al. v. Celestron Acquisition LLC, et al.*,
    No. 5:20-cv-04049-EJD (N.D. Cal. June 17, 2020)........................................................ 1, 2, 3, 5

*Owen v. Labor Ready Inc.*,
    146 Fed. Appx. 139 (9th Cir. 2005).............................................................................................2

*Spectrum Scientifics LLC, et al. v. Celestron Acquisition LLC, et al.*,
    No. 5:20-cv-03642-EJD (N.D. Cal. June 1, 2020)........................................................... 1, 4, 5, 6

*U.S. v. Knauer*,
    149 F.2d 519 (7th Cir. 1945) .......................................................................................................2

**Statutes**

15 United States Code
 § 1 ........................................................................................................................................ 2
 § 2 ........................................................................................................................................ 2
 § 18 ...................................................................................................................................... 2

California Business and Professions Code
 §§ 16700, *et seq.* ................................................................................................................ 2
 § 17200, *et seq.* .................................................................................................................. 2

**Rules**

Federal Rules of Civil Procedure
 Rule 1 ........................................................................................................................ 1, 4, 5
 Rule 42(a) .................................................................................................................. 1, 2, 4
 Rule 42(a)(3) ...................................................................................................................... 3

**Other Authorities**

Manual for Complex Litigation, Fourth (4th ed. 2004)
 § 10 ..................................................................................................................................... 4
 § 10.123 .............................................................................................................................. 4
 § 11.631 .............................................................................................................................. 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Indirect Purchaser Plaintiffs ("IPPs") Sigurd Murphy and Keith Uehara respectfully move pursuant to Rule 42(a) for an order consolidating the proposed indirect purchaser plaintiff actions: *Hightower v. Celestron Acquisition, et al.*, No. 5:20-cv-03639-EJD (N.D. Cal. June 1, 2020) ("*Hightower* Action"), *Murphy, et al. v. Celestron Acquisition LLC, et al.*, No. 5:20-cv-04049-EJD (N.D. Cal. June 17, 2020) ("*Murphy* Action"), *Brewer, et al v. Celestron Acquisition, LLC et al.*, No. 5:20-cv-04823-SVK (N.D. Cal. July 17, 2020) ("*Brewer* Action"), *Goldblatt v. Shen et al.*, Case No. 3:20-cv-04860-LB (N.D. Cal. July 20, 2020) ("*Goldblatt* Action") (collectively, the "Proposed Indirect Purchaser Actions");[1] and coordinating the proposed direct purchaser plaintiffs' action *Spectrum Scientifics LLC, et al. v. Celestron Acquisition LLC, et al.*, No. 5:20-cv-03642-EJD (N.D. Cal. June 1, 2020) ("*Spectrum* Action").

The Court has previously ruled that the *Hightower* and *Murphy* Actions are related (*see, e.g.*, Related Case Order, *Murphy, et al. v. Celestron Acquisition LLC, et al.*, No. 5:20-cv-04049-EJD (N.D. Cal. June 17, 2020), ECF No. 9), with the recently filed *Brewer* and *Goldblatt* Actions nearly identical to both. Plaintiffs Murphy and Uehara now request consolidation of these matters as they involve common questions of law and fact. Additionally, IPPs respectfully move to coordinate the Proposed Indirect Purchaser Actions with the related proposed direct purchaser plaintiff action, the *Spectrum* Action, to "secure the just, speedy, and inexpensive determination" of this matter. Fed. R. Civ. P. 1.

## II.    ARGUMENT

### A.     The Proposed Indirect Purchaser Plaintiff Actions Entail Common Questions of Law and Fact and Should Therefore Be Consolidated

Consolidating actions for pre-trial proceedings pursuant to Rule 42(a) is appropriate when actions involve common questions of law and fact. *See* Manual for Complex Litigation

---

[1] The *Goldblatt* Action was filed in this District on July 20, 2020. Case No. 3:20-cv-04860-LB, ECF No. 10; *see* Declaration of Adam J. Zapala, Exhibit A. On July 21, 2020, plaintiff in the *Goldblatt* Action filed a motion to relate that action to the *Hightower*, *Murphy*, *Brewer*, and *Spectrum* Actions. Case No. 5:20-cv-03639-EJD, ECF No. 28.

("Manual"), Fourth, § 11.631 (4th ed. 2004); *Owen v. Labor Ready Inc.*, 146 Fed. Appx. 139, 141 (9th Cir. 2005). Rule 42(a) is intended to support consolidation when possible. *U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945), *certiorari granted*, 326 U.S. 714, *aff'd*, 328 U.S. 654, *reh'g denied*, 329 U.S. 818, *petition denied*, 322 U.S. 834. Thus, the Court has broad discretion from this Rule to consolidate actions together. *Investors Research Co. v. U.S. District Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989).

First, the Proposed Indirect Purchaser Actions should be consolidated because they concern common questions of law. Plaintiffs in each action seek injunctive relief to remedy Defendants' price-fixing conspiracy in the United States telescope market that resulted in hundreds of millions of dollars in illegal overcharges. Plaintiffs in both actions seek damages under state law as well. Furthermore, Proposed Indirect Purchaser Actions seek relief for substantially similar violations of law: restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1; monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2; attempted monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2; engaging in market acquisitions that substantially lessen competition in violation of Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18; engaging in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of California Business and Professions Code § 17200, *et seq.*; and entering into an unlawful agreement in restraint of trade in violation of the California Business and Professions Code, §§ 16700, *et seq. See Hightower v. Celestron Acquisition, et al.*, No. 5:20-cv-03639-EJD (N.D. Cal. June 1, 2020), ECF No. 1 ("*Hightower* Compl.") at ¶¶ 130-150; *Murphy, et al. v. Celestron Acquisition LLC, et al.*, No. 5:20-cv-04049-EJD (N.D. Cal. June 17, 2020), ECF No. 1 ("*Murphy* Compl.") at ¶¶ 173-256; *Brewer, et al v. Celestron Acquisition, LLC et al.*, No. 5:20-cv-04823-SVK (N.D. Cal. July 17, 2020), ECF No. 1 ("*Brewer* Compl.") at ¶¶ 155-244; *Goldblatt v. Shen et al.*, Case No. 3:20-cv-04860-LB (N.D. Cal. July 20, 2020), ECF No 1 ("*Goldblatt* Compl.") at ¶¶ 125-208.[2]

---

[2] Filed with this motion is the Declaration of Adam J. Zapala which includes as Exhibit A a true and correct copy of the complaint filed in the *Goldblatt* Action.

Moreover, all four actions allege that the underlying conduct was carried out by substantially the same Defendants and co-conspirators in the same market, meaning questions about the scope and structure of the conspiracy, and defenses thereto, will be nearly identical. *See Hightower* Compl. at ¶¶ 12-44; *Murphy* Compl. at ¶¶ 17-40; *Brewer* Compl. at ¶¶ 16-39; *Goldblatt* Compl. at ¶¶ 20-44.

Second, the Proposed Indirect Purchaser Actions should be consolidated because they also concern common questions of fact. Each of these actions allege that Defendants and their co-conspirators conspired to fix prices in the U.S. consumer telescope market, and to monopolize that market. In particular, each action alleges that Defendants and their co-conspirators: fixed the prices of consumer telescopes; allocated the market for consumer telescopes; jointly worked together to acquire a horizontal competitor; exchanged non-public, material information, including intellectual property, business plans, and product pricing strategies; exchanged non-public, material information about competitors' businesses, including intellectual property, business plans, and product pricing strategies; and aided and abetted each other's consolidation and maintenance of monopoly power. Therefore, consolidation will promote judicial convenience and economy. *See Hightower* Compl. at ¶¶ 48-118; *Murphy* Compl. at ¶¶ 63-120; *Brewer* Compl. at ¶¶ 49-120; *Goldblatt* Compl. at ¶¶ 50-82.

Additionally, the Proposed Indirect Purchaser Actions propose overlapping classes such that the disposition of claims in either case would affect the rights of class members in all of them. Maintaining each case separately would therefore create a risk of inconsistent rulings, whereas consolidating them would streamline the proceedings. *See Hightower* Compl. at ¶ 119; *Murphy* Compl. at ¶¶ 121-22; *Brewer* Compl. at ¶¶ 121-22; *Goldblatt* Compl. at ¶¶ 96-97.

Finally, consolidation of the *Hightower* and *Murphy* Actions for any or all matters at issue, or that will become an issue, will necessarily result in litigation binding together the Plaintiffs in those actions. This will "avoid unnecessary cost and delay" pursuant to Rule 42(a)(3) to all parties as well as the Court. For the aforementioned reasons, the Court should grant Plaintiffs' motion to consolidate.

### B. The Proposed Indirect Purchaser Actions and the *Spectrum* Action Should Be Coordinated to Efficiently and Effectively Litigate These Matters

Additionally, coordination of the Proposed Indirect Purchaser Actions and the direct purchaser action is necessary to accomplish the purposes of Rule 1 to "secure the just, speedy, and inexpensive determination of every action and proceeding." Further, the Manual for Complex Litigation states that "[f]air and efficient resolution of complex litigation requires at least that . . . the judge and counsel collaborate to develop and carry out a comprehensive plan for the conduct of pretrial and trial proceedings." Manual § 10. It further suggests that "[p]retrial proceedings in [related cases] should be coordinated or consolidated under Federal Rule of Civil Procedure 42(a) . . . ." *Id.* at § 10.123. Accordingly, it has been recognized that "coordination between overlapping class actions is important." *Cobarruviaz v. Maplebear, Inc.*, No. 15-CV-00697-EMC, 2016 WL 5725076, at *2 (N.D. Cal. Sept. 30, 2016). Coordination of direct purchaser and indirect purchaser action is the norm in this District, and throughout the country. *See*, *e.g.*, *In re Lithium Ion Batteries Antitrust Litigation*, Case No. 4:13-md-02420-YGR (N.D. Cal.), ECF No. 122 (ordering transfer to District Court for the Northern District of California and coordination or consolidation of pending direct and indirect cases for pretrial proceedings); *In re Capacitors Antitrust Litigation*, MDL No. 2801, ECF No. 92 (ordering transfer of two direct purchaser actions to the District Court for the Northern District of California to be consolidated or coordinated with pending direct and indirect purchaser actions); *see also DIK Drug Co. v. Altana Pharma AG*, No. 07-5849 (JLL), 2008 WL 2264586, at *2 (D.N.J.) (coordinating direct and indirect purchaser plaintiff actions); *In re Domestic Drywall Antitrust Litig.*, Case No. 2:13-md-02437-MMB (E.D. Pa.), ECF No. 11 (consolidating the respective indirect and direct purchaser actions and coordinating for pretrial purposes); *In re Automotive Wire Harness Systems Antitrust Litigation*, Case No. 2:12-md-02311-SFC (E.D. Mich.), ECF No. 73 (coordinating for pretrial purposes the pending direct and indirect purchaser actions).

Although tailored for purposes of a proposed class of direct purchasers, the pleading in the *Spectrum* Action is virtually identical to that in the Proposed Indirect Purchaser Actions. *See*, *e.g.*, *Hightower* Compl. at ¶ 119 ("This action is brought on behalf of Plaintiff and all similarly

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CONSOLIDATE ACTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(a) AND MOTION TO COORDINATE; Case No. 5:20-cv-04049-EJD    4

situated consumers who purchased a telescope manufactured or sold by Defendants from Synta's acquisition of Celestron in 2005 through such time as class notice is given."); *cf. Spectrum Scientifics LLC, et al. v. Celestron Acquisition LLC, et al.*, No. 5:20-cv-03642-EJD (N.D. Cal. June 1, 2020), ECF No. 1 ("*Spectrum* Compl.") at ¶ 120 ("This action is brought on behalf of Plaintiffs and all similarly situated retailers and distributors who purchased a telescope manufactured or sold by Defendants from Synta's acquisition of Celestron in 2005 through such time as class notice is given."). Indeed, these actions name similar Defendants and co-conspirators, include substantially similar allegations, and assert the same causes of action. *See Hightower* Compl. at ¶¶ 12-44, 48-118, 130-150; *Murphy* Compl. at ¶¶ 17-40, 63-120, 173-256; *Spectrum* Compl. at ¶¶ 13-45, 49-119, 131-151; *Brewer* Compl. at ¶¶ 16-39; 49-120; 155-244; *Goldblatt* Compl. at ¶¶ 20-44; 50-82; 125-208. Moreover, the overlapping legal issues confronting the classes proposed in the *Spectrum*, *Hightower*, *Murphy*, *Brewer*, and *Goldblatt* Actions further supports coordinating these matters. Taken together, these considerations establish that all five actions involve common questions of law and fact and therefore should be coordinated.

Furthermore, the Court has already related the *Hightower*, *Murphy*, and *Spectrum* Actions. *See, e.g.*, Related Case Order, *Murphy, et al. v. Celestron Acquisition LLC, et al.*, No. 5:20-cv-04049-EJD (N.D. Cal. June 17, 2020), ECF No. 9. The Court has determined that these three actions "concern substantially the same parties, property, transaction or event" and that it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *See* Civ. L.R. 3-12(a). Similarly, plaintiffs in the *Brewer* and *Goldblatt* Actions have filed administrative motions to relate their respective cases to the other pending proposed indirect purchaser plaintiff actions. *See* Case No. 5:20-cv-03639-EJD, ECF Nos. 26, 28. Therefore, to further the goal of proceeding in a just and efficient manner, the Court should formally coordinate the proposed direct purchaser action with the Proposed Indirect Purchaser Actions. This will ensure these actions continue to proceed in an orderly manner, while furthering Rule 1's mandate "to secure the just, speedy, and inexpensive determination" of the actions. Fed. R. Civ. P. 1. Coordinating the actions will help to

avoid wasting resources, conflicting rulings, duplicating efforts, and unnecessarily burdening the Court and the parties. Consequently, it is in the interest of all parties involved, as well as the Court, to coordinate these matters.

### III. CONCLUSION

For the foregoing reasons, the Court should consolidate the Proposed Indirect Purchaser Plaintiff Actions and coordinate them with the *Spectrum* Action.

Dated: July 21, 2020               Respectfully Submitted,

/s/ *Adam J. Zapala*
Joseph W. Cotchett (SBN 36324)
Adam J. Zapala (SBN 245748)
Elizabeth T. Castillo (SBN 280502)
Tamarah P. Prevost (SBN 313422)
Reid W. Gaa (SBN 330141)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com
tprevost@cpmlegal.com
rgaa@cpmlegal.com

*Attorneys for Plaintiffs Sigurd Murphy and Keith Uehara*