UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGURD MURPHY and KEITH UEHARA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>CELESTRON ACQUISITION, LLC, *et al.*<br><br>Defendants. | Case No. 5:20-cv-03639-EJD<br>Case No. 5:20-cv-04049-EJD<br>Case No. 5:20-cv-04823-EJD<br>Case No. 5:20-cv-04860-EJD<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP INTERIM CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS |
| DANIEL HIGHTOWER, on behalf of himself and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>CELESTRON ACQUISITION, LLC, *et al.*<br><br>Defendants. | |
| SARA DAY BREWER and THIEN NGO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>v. | |

| | |
|---|---|
| CELESTRON ACQUISITION, LLC, *et al.* | |
| Defendants. | |

| | |
|---|---|
| NORMAN GOLDBLATT, individually and on behalf of all others similarly situated, | |
| Plaintiff | |
| v. | |
| DAR TSON "DAVID" SHEN, *et al.* | |
| Defendants. | |

[PROPOSED] ORDER GRANTING PLAINTIFFS' AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP INTERIM CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS

Now before the Court is Plaintiffs' Amended Motion to Appoint Cotchett, Pitre & McCarthy, LLP, Susman Godfrey LLP, and Lieff Cabraser Heimann & Bernstein, LLP Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and ~~it finds the motion suitable for disposition without oral argument. *See* Civil L.R. 7-1(b). For the reasons explained below, the Court~~ the parties' oral arguments at the hearing on September 17, 2020. For the reasons stated at the hearing and explained in part below, the Court **HEREBY GRANTS** the amended motion and **APPOINTS** Cotchett, Pitre & McCarthy, LLP, Susman Godfrey LLP, and Lieff Cabraser Heimann & Bernstein, LLP as Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs.

Federal Rule of Civil Procedure 23(g)(3) permits courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Rule 23(g) does not provide a standard for appointment of interim counsel, but courts typically look to the factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A). *See, e.g.*, *Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC, 2013 WL 1003608, at *2 (N.D. Cal. Mar. 13, 2013). Accordingly, the Court considers:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Courts have held that, in cases where there are a number of "overlapping, duplicative, or competing suits" and "some or all of those suits may be consolidated," designating "interim counsel clarifies responsibility for protecting the interests of the class during precertification activities." *Burns v. Navistar, Inc.*, No. 10-cv-2295-LAB-BGS, 2011 WL 13071147, at *2 (S.D. Cal. Feb. 24, 2011) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004)). Here, because there are multiple lawsuits concerning Indirect Purchasers which involve overlapping facts and issues of law (*see Hightower*

[PROPOSED] ORDER GRANTING PLAINTIFFS' AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP INTERIM CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS

1

*v. Celestron Acquisition, LLC, et al.*, No. 5:20-cv-03639-EJD; *Murphy, et al. v. Celestron Acquisition, LLC, et al.*, No. 5:20-cv-04049-EJD; *Brewer, et al. v. Celestron Acquisition, LLC, et al.*, No. 5:20-cv-04823-SVK; *Goldblatt v. Shen, et al.*, No. 5:20-cv-04860-EJD), and because counsel for Indirect Purchasers have expressed a desire to consolidate these cases, appointing interim lead counsel is appropriate.

The Court has determined that Cotchett, Pitre & McCarthy, LLP, Susman Godfrey LLP, and Lieff Cabraser Heimann & Bernstein, LLP meet all of the standards set forth in Rule 23(g)(1). These firms have demonstrated that they are extremely experienced in handling complex antitrust class actions, including cases concerning many of the same facts, issues, and evidence that will likely be at issue in this case. Additionally, Cotchett, Pitre & McCarthy, LLP, Susman Godfrey LLP, and Lieff Cabraser Heimann & Bernstein, LLP have demonstrated their extensive knowledge in the applicable law, and that they have the appropriate resources to represent the best interests of the Indirect Purchasers Plaintiffs.

The Court hereby ORDERS that:

1.  Pursuant to Rule 23(g)(2)(A), the Court appoints Cotchett, Pitre & McCarthy, LLP, Susman Godfrey LLP, and Lieff Cabraser Heimann & Bernstein, LLP as Interim Co-Lead Counsel for the Indirect Purchasers Plaintiffs.

2.  Interim Co-Lead Counsel shall be responsible for the overall conduct of the litigation on behalf of the Indirect Purchaser Plaintiffs. Interim Co-Lead Counsel shall have the authority to undertake all actions necessary to prosecute and resolve the Indirect Purchaser actions, including the authority to conduct all motion practice, discovery, settlement negotiations, as well as pretrial and trial proceedings.

3.  Interim Co-Lead Counsel for the Indirect Purchasers Plaintiffs shall consult with and employ experts and consultants as necessary.

4.  Interim Co-Lead Counsel for the Indirect Purchasers Plaintiffs shall coordinate the selection of counsel to act as spokesperson(s) at any hearings or pretrial conferences.

5. Interim Co-Lead Counsel are hereby designated as the counsel for the indirect purchaser plaintiffs in the consolidated actions upon whom all notices, orders, pleadings, motions, discovery, and memoranda relating to the consolidated actions shall be served, and Defendants shall effect service on Indirect Purchaser Plaintiffs in the consolidated actions by serving the Interim Co-Lead Counsel above. An agreement reached between Defendant(s) and Interim Co-Lead Counsel or their designee(s) shall be binding on the Indirect Purchaser Plaintiffs.

6. Interim Co-Lead Counsel for the Indirect Purchasers Plaintiffs shall collect funds from Indirect Purchaser Plaintiffs' counsel as needed to defray the common costs incurred in the prosecution of this litigation.

7. ~~Zwerling, Schachter, & Zwerling LLP will assist in representing plaintiffs and the proposed class at the direction of Interim Co-Lead Counsel.~~

8. All Indirect Purchaser Plaintiffs' counsel shall keep contemporaneous time and expense records indicating with specificity the hours and particular activities engaged in and shall provide such records to the Interim Co-Lead Counsel as directed by the Interim Co-Lead Counsel. Time records shall be submitted to Interim Co-Lead Counsel on a regular basis in a form to be determined by Interim Co-Lead Counsel.

9. This order shall apply to all Indirect Purchaser Plaintiffs' class actions related, transferred, or coordinated to the above-captioned action.

In light of the consolidation of the related Indirect Purchaser Cases and the appointment of Interim Co-Lead Counsel, the Clerk of Court shall close case numbers: 5:20-cv-04049-EJD, 5:20-cv-04823-EJD, 5:20-cv-04860-EJD, 5:20-cv-05285-EJD, 5:20-cv-05400-EJD, and 5:20-cv-06216-EJD.

Per the Court's Order Granting Stipulation Re Consolidation and Case Management (Dkt. No. 56), Interim Co-Lead Counsel shall file a consolidated amended complaint within 30 days of the date of this order.  In anticipation of the consolidated amended complaint, Defendant's pending Motion to Dismiss the First Amended Complaint (Dkt. No. 39) is TERMINATED AS MOOT.

The parties shall meet and confer and propose a case management schedule within thirty (30) days of the filing of the consolidated complaint.

For good cause shown, **IT IS SO ORDERED.**

Dated:   September 18, 2020

_____
The Hon. Edward J. Davila
United States District Judge

[PROPOSED] ORDER GRANTING PLAINTIFFS' AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP INTERIM CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS

3