Dennis J. Stewart (SBN 99152)
**GUSTAFSON GLUEK PLLC**
600 B Street
17th Floor
San Diego, CA 92101
Telephone: (619) 595-3299
dstewart@gustafsongluek.com

*Attorney for Plaintiff Jim Riley*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGURD MURPHY and KEITH UEHARA, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>CELESTRON ACQUISITION, LLC, NANTONG SCHMIDT OPTO-ELECTRICAL TECHNOLOGY CO. LTD., NINGBO SUNNY ELECTRONIC CO. LTD. OLIVON MANUFACTURING CO. LTD., OLIVON USA, LLC, SKY-WATCHER CANADA, SKY-WATCHER USA, SUZHOU SYNTA OPTICAL TECHNOLOGY CO., LTD., SW TECHNOLOGY CORP., SYNTA CANADA INTERNATIONAL ENTERPRISES LTD., and SYNTA TECHNOLOGY CORP. OF TAIWAN,<br><br>    Defendants. | Case No. 5:20-cv-04049<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Related Case:<br>*Riley et al. v. Celestron Acquisition LLC et al.*, Case No.: 3:20-cv-06527 |

## I. INTRODUCTION

Pursuant to the Northern District of California's Civil Local Rule 3-12, Plaintiff Jim Riley submits this administrative motion to consider whether *Riley* should be related to the actions pending before this court, *Sigurd Murphy et al. v. Celestron Acquisition LLC, et al.*, Case No. 5:20-cv-04049 (the *Murphy* Action), *Daniel Hightower v. Celestron Acquisition LLC.*, Case No. 5:20-cv-03639 (N.D. Cal. June 1, 2020) (the *Hightower* Action), *Spectrum Scientifics LLC, et al. v. Celestron Acquisition LLC, et al.*, Case No. 5:20-cv-03642 (the *Spectrum* Action), and *Brewer at al. v. Celestron Acquisition LLC, et al.*, Case No. 5:20-cv-04823 (the *Brewer* Action).

Following a jury verdict in *Optronic Technologies, Inc. v. Ningbo Sunny Electronic Co., Ltd., et al.*, Case No. 5:16-cv-06370-EJD (the *Orion* Action), the same counsel for Plaintiff in the *Orion* Action filed two class actions concerning the same anticompetitive acts and conducts at issue in the *Orion* Action: a case on behalf of a proposed class of indirect purchaser plaintiffs, the *Hightower* Action, and a case on behalf of a proposed class of direct purchaser plaintiffs, the *Spectrum* Action. The *Hightower* Action was assigned to District Judge Edward J. Davila and the *Spectrum* Action was assigned to District Judge James Donato. On June 17, 2020, a case on behalf of a proposed class of indirect purchaser plaintiffs, the *Murphy* Action, was filed alleging claims similar to the *Hightower* Action and the *Spectrum* Action. The *Murphy* Action was assigned to Magistrate Judge Laurel Beeler. On July 17, 2020, a case on behalf of a proposed class of indirect purchaser plaintiffs, the *Brewer* Action, was filed alleging claims similar to the *Hightower* Action and the *Spectrum* Action. The *Brewer* Action was assigned to Magistrate Judge Susan van Keulen.

On June 30, 2020, the Court in the *Orion* Action denied a motion to relate the *Hightower* Action, the *Spectrum* Action, and the *Murphy* Action. On June 30, 2020, the *Spectrum* Action and the *Murphy* Action were ordered to be related cases to the *Hightower* Action. On July 1, 2020, the *Spectrum* Action was re-assigned to Judge Edward J. Davila. On July 10, 2020, the *Murphy* Action was re-assigned to Judge Edward J. Davila. On July 29, 2020, the *Brewer* Action was ordered to be related cases to the *Hightower* Action and was re-assigned to Judge Edward J. Davila.

The *Riley* Action, like the *Brewer*, *Spectrum*, and *Murphy* Actions, concerns the same, or substantially similar allegation to those in the underlying *Hightower* Action. Given that the requirements of Civil Local Rule 3-12 have been met, plaintiff now respectfully requests this Court issue the proposed order formally relating this action to the *Brewer*, *Hightower*, *Spectrum*, and *Murphy* Actions.

## II.   RELATIONSHIP OF THE ACTIONS

Under Local Rule 3-12(a), an action is related when: (1) "The actions concern substantially the same parties, property, transaction or event"; and (2) "It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

As set forth in Local Rule 3-12(a)(1), the *Hightower*, *Spectrum*, *Murphy* and *Brewer* Actions involve substantially the same parties, property, transaction or event, as each concern the same alleged antitrust violations, similar defendants and co-conspirators, witnesses, and evidence. The *Riley* Action, like the *Brewer* and *Murphy* Actions, asserts claims for violations of Sections 1 and 2 of the Sherman Act; Section 7 of the Clayton Act; violations of the state antitrust laws of Arizona, California, Connecticut, the District of Columbia, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Tennessee, Utah, Vermont, West Virginia, Wisconsin; violations of the state consumer protection laws of Arkansas, California, the District of Columbia, Florida, Hawaii, Massachusetts, Missouri, Montana, New Mexico, New York, North Carolina, Rhode Island, South Carolina, Vermont; and an additional claim for the disgorgement of the profits through which the Defendants were unjustly enriched. The *Hightower* Action and the *Spectrum* Action similarly assert claims for violations of Sections 1 and 2 of the Sherman Act as well as the state antitrust and consumer protection laws of California.

As set forth in Local Rule 3-12(a)(2), it appears likely that there will be an unduly burdensome duplication of labor and expenses or the possibility of conflicting results if the cases are conducted before different judges. Therefore, it will be more efficient for all cases to proceed before the same judge so that these analyses and determinations are made by one Court.

### III. CONCLUSION

This Action satisfies the criteria of Local Rule 3-12(b). Plaintiff Jim Riley therefore respectfully requests the *Riley* Action be deemed related to the *Brewer*, *Hightower*, *Spectrum*, and *Murphy* Actions and that it be assigned to the Honorable Edward J. Davila.

DATED: September 24, 2020                                  Respectfully submitted,

/s/Dennis J. Stewart
Dennis J. Stewart
**GUSTAFSON GLUEK PLLC**
600 B Street
17th Floor
San Diego, CA 92101
Telephone: (619) 595-3299
dstewart@gustafsongluek.com

Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Joshua J. Rissman
Daniel J. Nordin
Mary M. Nikolai
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
mlooby@gustafsongluek.com
dhedlund@gustafsongluek.com
jrissman@gustafsongluek.com
dnordin@gustafsongluek.com
mnikolai@gustafsongluek.com

David S. Corwin
**Corwin Law Group, LLC**
1034 S. Brentwood Blvd.
Suite 1490
St. Louis, MO  63117
Telephone: (314) 685-8849
Facsimile: (314) 287-4583
dcorwin@corwinlawgroup.com